UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLLIE BELL, Special Administrator of the Estate of JAYLIN MASON, | |
| Plaintiff, | No. 21 C 2876 |
| v. | Judge Thomas M. Durkin |
| MICHAEL WASHINGTON; THE COUNTY OF COOK; and THE SHERIFF OF COOK COUNTY, | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

Defendants filed motions to dismiss, primarily arguing that the complaint was untimely and that Plaintiff had failed to state a claim against the County or the Sheriff. Upon further review, Defendants withdrew their statute of limitations argument and conceded that the County's presence as a defendant is proper for indemnification purposes, which is Plaintiff's only claim against the County. However, because the County is the indemnifying entity, *see* 55 ILCS 5/5-1002, the Sheriff has no role in this case and therefore is dismissed.

Defendant Washington also argues that the claim against him should be dismissed based on qualified immunity because Plaintiff alleges that Washington "believed there to be a threat of force or violence," which justified his decision to shoot Mason. *See* R. 32 at 5 (citing R. 17, First Amended Complaint ¶ 18). But Plaintiff alleges no such thing. Plaintiff merely alleged that Washington shot Mason. From this allegation Washington infers that Plaintiff has alleged Washington's state of

mind, because why else would Washington shoot Mason unless he believed Mason to be violent. But this is a boot-strapping argument if there ever was one. Washington's knowledge and intent is a question of fact precluding a finding of qualified immunity at this stage of the case. *See Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) ("a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds," because "a qualified immunity defense so closely depends on the facts of the case.").

Therefore, the motions to dismiss [18] [19] [20] are granted in part and denied in part. The motions are granted to the extent that the Sheriff is dismissed. The motions are denied in all other respects. The parties should jointly submit an updated status report proposing a case management plan and discovery schedule by April 11, 2022. The status report should also state whether the hearing set for April 18, 2022 continues to be necessary.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: April 6, 2022

2